## Rubalcava v. Rubalcava

*William D. Irwin,* for plaintiff.
*Donald E. Hittle,* for defendant.

STRANAHAN, P. J., December 30, 1970.—This unique case is before the court as a result of a preliminary objection in the nature of a demurrer filed by defendant to plaintiff's complaint in equity.

The complaint in equity alleges that plaintiff and defendant are married and have lived together as man and wife since April 25, 1941. During that period of time, five children have been born to the marriage.

The complaint alleges that the husband-defendant has handled all financial affairs and that he has refused to place his wife's name on any property that may have been acquired during the period of their marriage. It is further alleged that defendant con-

tinually advised the wife-plaintiff that his finances were in deplorable condition, and that he could not afford proper clothing and food for the children, and hospitalization was denied because defendant contended that he could not afford it.

The complaint continues by alleging that approximately 10 years ago the wife-plaintiff consulted an attorney relative to obtaining a divorce, but that when defendant learned of the wife's intention he entered into an oral agreement with her that if she would terminate the divorce proceedings he, defendant, would place her name on all of his checking and savings accounts, and also would place her name on the deed to their home as tenants by the entireties.

Based on that representation by plaintiff as a result of the oral agreement, the wife discontinued the divorce action and returned to live with her husband. In spite of his repeated representations that he would carry out his agreement, he has failed to do so and has not transferred the property so as to make it jointly owned as tenants by the entireties. The wife-plaintiff has now again separated from her husband, and has brought this action in equity against her husband, alleging that he possesses assets in the nature of savings accounts, stocks, bonds and other assets in excess of $50,000, which have been accumulated over the years of their marriage.

Additional allegations are contained in the complaint in equity which, if proved, would indicate that the wife-plaintiff has through the years lived in conditions which were certainly not in keeping with the accommodations that should have been provided her if her husband possessed the assets that he is alleged to possess.

The preliminary objection filed by the husband-defendant raises the primary contention that a wife cannot sue her husband under these circumstances,

since such a suit is prohibited by the Act of June 8, 1893, P. L. 344, as amended, 48 PS §111.

Defendant further contends that a court of equity has no jurisdiction under these circumstances.

Pennsylvania has a series of statutes and has developed case law, as most States have, that is aimed at preventing a wife from bringing suit against her husband because such litigation has a tendency to disrupt the marriage; 48 PS §111 and other statutes are aimed at this concept of the law, and support the general public policy that suits between husbands and wives should be discouraged.

The general philosophy behind this is that if wives could sue husbands and husbands could sue wives, this would have a tendency to cause a breakdown of the marriages and would lend itself to divorce, separation and ill-feeling between the parties.

The present case is unique in that it contains a factual situation which is the reverse of that situation which forms the basis of the public policy of preventing a wife from suing her husband. Under the present factual situation, the agreement made between the husband and wife was designed to prevent the marriage from breaking up rather than creating a situation which would have a tendency of itself to dissolve the marriage.

A comprehensive review of the cases dealing with this situation can be found in 11 A.L.R. 277.

It is pointed out in this annotation that while there are some jurisdictions that have taken the position that agreements between husband and wife to remain together if certain consideration is paid have a tendency to permit the wife to extract monetary remuneration from her husband in return for living with him, the general rule is that such contracts will be honored.

This leads this court to believe that the best rule should be that contracts of the type under consideration here should be recognized, provided that they are founded on an adequate consideration. In other words, if the wife is merely agreeing to do those things which she normally should do as a wife, then there is no consideration for an agreement that she is to receive money or other valuable consideration for performing such activity. If, on the other hand, the testimony indicates that the wife has an adequate reason for separating from her husband based on his conduct towards her, and that she gives up this right in order to return and live with him and accept whatever hardships may result from that reunion, then there is sufficient consideration to support the agreement.

Applying this reasoning to the present case, it would appear that there is an issue of fact created here as to whether the defendant-husband by his conduct created such an intolerable situation that the wife at the time the alleged oral agreement was made had reason to leave her husband, and gave up that reason in order to return to him. This issue of fact would go to the question of whether there was consideration for the oral contract.

The next question that this court must answer is whether this suit is forbidden under the provisions of the Act of June 8, 1893, P. L. 344, as amended, 48 PS §111. This act forbids a married woman from suing her husband, except in a proceeding to protect or recover her separate property.

The question involved here is whether or not a suit in equity brought by the wife against the husband, asking that he be compelled to transfer into tenants by the entireties certain property owned by him is a suit by the wife to recover her separate property.

A search of Pennsylvania cases on this subject is rather discouraging, but there does appear to be a case which deals with the problem. This is Fisher v. Filbert, 6 Pa. 61. This case is helpful in that it places Pennsylvania with those States which recognize the fact that a contract between husband and wife made when the spouses are separated, or are contemplating separation for legal cause, and providing for the payment of a consideration for their reunion is enforceable.

The case also holds that such an agreement creates at least a chose in action on the part of the wife which she may recover in a suit against her husband.

The court states, page 66:

"Where the gift or agreement is made in view of immediate separation, the interest created will always be treated as vesting a separate dominion in the wife, for the circumstances show that such must have been the intention of the parties, by a necessary implication. Such a conclusion is also frequently established; though the marital relation be never disturbed, and there is no express stipulation that the thing given, or agreed to be given, shall be the separate property of the feme."

The cases indicate that in a dispute between husband and wife equity will take jurisdiction. In Loftus v. F. & M. N. Bank, 133 Pa. 97, the court, at page 103, sets forth numerous cases which would indicate that equity has jurisdiction to protect the rights of a married woman who seeks to recover her separate property. The court concludes its comments on this subject by saying:

"The harsh consequences of material unity upon a wife's property, cannot stand before the breath of equity."

700

We, therefore, conclude at this stage of the case that the demurrer in the nature of a preliminary objection must be overruled, and defendant should be afforded an opportunity to file any responsive pleadings that he may wish.

ORDER

And now, December 30, 1970, the preliminary objections in the nature of a demurrer are overruled, and defendant is allowed 30 days from the date of this order to file any responsive pleadings that he may wish to file.